UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CINDY LOU W.,

                Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C18-1174 RSM

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting her mental health testimony, failing to assess any mental health limitations, and ignoring vocational expert testimony. Dkt. 13. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 58 years old, has a high school education, and has worked as a cashier and driver. Dkt. 9, Administrative Record (AR) 54, 112, 39-40. Plaintiff applied for benefits in September 2012, alleging disability as of March 6, 2012. AR 102. Plaintiff's application was denied initially, on reconsideration, and by an ALJ decision in October 2013.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

AR 101, 114, 131-50.  The Appeals Council remanded for reconsideration of mental impairments and obesity.  AR 157-59.  After the ALJ conducted a hearing on September 17, 2015, the ALJ issued a decision in December 2015 finding Plaintiff not disabled.  AR 47, 26-40.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that, between the alleged onset date of March 6, 2012, and the date last insured of September 30, 2015:

**Step one:**  Plaintiff did not engage in substantial gainful activity.

**Step two:**  Plaintiff had the following severe impairments: lumbar spine degenerative disc disease, post laminectomy syndrome; mild to moderate left hip degenerative joint disease/possible trochanteric bursitis; obesity; and a seizure disorder.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Plaintiff could perform light work, lifting, carrying, pushing or pulling 20 pounds occasionally and 10 pounds frequently.  She could sit or stand/walk for six hours each per day, frequently balance, kneel, and crouch, occasionally climb ramps and stairs, stoop, and crawl, but never climb ladders, ropes, and scaffolds.  She had to avoid concentrated exposure to wetness, vibration, and hazards.

**Step four:**  Plaintiff could perform past relevant work as a cashier and thus was not disabled.

**Step five:**  The ALJ did not reach step five.

AR 28-40.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 7.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**A.    Plaintiff's Testimony**

At the September 2015 hearing, Plaintiff testified that she cannot bend, carry more than ten pounds, or stand or walk for long. AR 63, 65. Plaintiff testified that she has "really bad anxiety attacks … mostl[y] at night." AR 62. She manages the attacks by taking clonazepam, which she is "not supposed to take when [working]." AR 63. Plaintiff does not "feel comfortable in front of … people." AR 63. Plaintiff testified that she "sleep[s] a lot" and can have difficulty concentrating due to the medication she takes for her chronic back pain. AR 63-64; *see also* AR 87-88. In a 2012 Function Report, Plaintiff wrote that her "PTSD makes it hard to be around and communicate with people as [her] anxiety gets worse." AR 302.

Where, as here, an ALJ determines a claimant has presented objective medical evidence

establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ discounted Plaintiff's testimony based on conflict with the medical record and her daily activities, and inconsistent statements. AR 34, 36.

Plaintiff contends the ALJ erred by discounting her testimony on the basis of conflict with the medical record. Dkt. 13 at 8-11. Plaintiff's argument amounts to advocating a different interpretation of the evidence; however, the Court will not reweigh the evidence or substitute its judgment for the ALJ's. *See* Dkt. 13 at 9-11; *Thomas*, 278 F.3d at 957 (upholding "ALJ's interpretation of the conflicting medical evidence" where "supported by substantial evidence"). And even if Plaintiff were correct, any error would be harmless because Plaintiff did not challenge the ALJ's remaining reasons: activities and inconsistent statements. For example, Plaintiff's activities, such as attending her daughter's sports and other events regularly, contradict her testimony that she is not comfortable around people. AR 306, 63. And Plaintiff stated her driver's license was taken away due to seizures in May 2012 for six months, but she reported continuing to drive in October 2012. AR 82, 305. "Factors that an ALJ may consider in weighing a claimant's [testimony] include … inconsistencies in testimony or between testimony and conduct, [and] daily activities…." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Even if the one reason that Plaintiff challenges was erroneous, its inclusion was harmless because the ALJ provided other clear, convincing reasons to discount Plaintiff's testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008).

The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

**B.	Step Two**

Plaintiff relies on her testimony to argue that the ALJ erred by failing to include any mental health impairments at step two. Dkt. 13 at 4. Because her testimony was properly discounted, it cannot support Plaintiff's argument. Plaintiff also points out that anxiety was included as a severe impairment in the 2013 ALJ decision, and argues that the ALJ erred by excluding it from the 2015 decision. The 2013 decision never became final, because the Appeals Council vacated it, and thus had no binding effect on the 2015 decision. AR 157. Plaintiff has not established any step two error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)).

Plaintiff argues that even if her anxiety was non-severe, the ALJ was required to address the effects of all her impairments in assessing her RFC. Dkt. 18 at 3 (citing Social Security Ruling 85-28). Plaintiff is correct that the RFC determination must account for limitations caused by both severe and non-severe impairments. *See* 20 C.F.R. § 404.1545(a)(2). But other than the bald assertion that depression and anxiety "affect [Plaintiff's] ability to function" Plaintiff identifies no functional limitation caused by anxiety or depression. Dkt. 18 at 2-3. An examining doctor opined that Plaintiff was only "minorly impaired" in the ability to complete a workday. AR 498. Plaintiff notes that she "testified she was making mistakes as a cashier and counting monies" but she attributed her mistakes to medication side effects rather than anxiety and, in any case, her testimony was permissibly discounted. Dkt. 13 at 6; AR 64. Plaintiff has not established that the ALJ erred by failing to include any mental limitations in the RFC. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) (ALJ need only include in the RFC limitations that are supported by substantial evidence).

C.  **Step Four and Vocational Expert Testimony**

Plaintiff argues that the ALJ erred by finding she could perform her past work as a cashier because the vocational expert testified that a person limited to occasional contact with the public and supervisors could not work as a cashier.  Dkt. 13 at 8 (citing AR 71-73).  However, the ALJ did not conclude that Plaintiff was limited in her contact with the public and supervisors.  *See* AR 33.  Plaintiff argues that the 2013 ALJ decision imposed such a limit (as an "alternative finding") but, again, that decision was vacated and had no binding effect on the 2015 decision.  *See* AR 135.  Plaintiff fails to establish error.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 13 day of May 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE